MARRERO, APPELLANT, *v.* REGISTRAR OF MAYAGÜEZ, RESPONDENT.

APPEAL from a Decision of the Registrar of Property Refusing to Record a Municipal Court's Order for Cancellation of Mortgage.

No. 587.—Decided March 19, 1924.

RECORD OF TITLE—MUNICIPAL COURTS—CANCELLATION OF MORTGAGE—JURISDIC-. TION.—A municipal court is without jurisdiction of an action to cancel a mortgage although the amount thereof may be less than $500.

The facts are stated in the opinion.
*Mr. J. Sabater* for the appellant.
The respondent appeared by brief.

MR. CHIEF JUSTICE DEL TORO delivered the opinion of the court.

The fundamental question involved in this appeal is whether a municipal court has jurisdiction to order the cancellation of a mortgage.

A mortgage was created on a certain rural property within the municipality of Mayagüez to secure an obligation for the sum of $244. Suit was brought for the cancellation of the mortgage. The complaint was filed in the municipal court. That court rendered judgment ordering the cancellation of the mortgage and that a writ issue to the registrar to that effect. The clerk issued the writ and the registrar refused to obey it for the reason, among others, that the municipal court had acted without jurisdiction. The interested person took the present administrative appeal.

If only the amount involved in the suit is considered, it is necessary to decide the question in favor of the appellant, for the said amount is less than $500. But if the subject-matter of the suit is taken into consideration, then the decision appealed from must be sustained.

Municipal courts are courts of limited jurisdiction. They are not courts of record. The general jurisdiction of civil matters in first instance, save the exceptions prescribed by law, is vested in the district courts.

As early as 1911 this Supreme Court held in the case of *Bayron et al.* v. *Garcia et al.*, 17 P. R. R. 512, that the district court had jurisdiction of an action for the annulment of foreclosure proceedings, although the amount of the mortgage foreclosed was less than $500.

Going deeper into the consideration of the old and the new systems of law, this same court, in the case of *Valdivieso* v. *Rivera,* 19 P. R. R. 669, held that the amount of $500 fixed by the Act of March 10, 1904, reorganizing the judiciary of this Island determines the jurisdiction of the municipal courts in ordinary civil proceedings, but not in those governed by special laws.

And, lastly, in the case of *Cruz* v. *Heirs of Kuinlan*, 29 P. R. R. 817, this court held that summary foreclosure proceedings came under the exclusive jurisdiction of the district courts, regardless of the amount in controversy.

The cancellation of mortgages is governed by the Mort-

gage Law and its Regulations, and although the present case is distinct from the three cases cited, the reasoning that led the court to hold in the said three cases that the district courts had exclusive jurisdiction is applicable.

The decision appealed from must be

*Affirmed.*

Justices Wolf, Aldrey, Hutchison and Franco Soto concurred.